UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DEAN WILKS,

    Plaintiff,

v.

KING COUNTY, et al.,

    Defendants.

CASE NO. C07-777RSM

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff James Dean Wilks, appearing *pro se* and *in forma pauperis*, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The matter was referred to a magistrate judge for consideration. Defendants moved for summary judgment and on September 2, 2008, Magistrate Judge Brian A. Tsuchida issued a Report and Recommendation finding that all but one of plaintiff's claims should be dismissed for failure to exhaust administrative remedies. Dkt. # 51, p. 9. The magistrate judge recommended that the single exhausted claim, regarding a computer word processing program ("Word Pad"), be dismissed on the merits. *Id.*, p. 9-10. Plaintiff has filed extensive objections to the Report and Recommendation, which the Court shall address in this Order.

I. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought "with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1983 requires **complete** exhaustion through any available process. *See, Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001).

As explained in the Report and Recommendation, the King County Correctional Facility, where

ORDER - 1

plaintiff was confined at the time of the events addressed in the complaint, has a three-level grievance process. The second and third stages of this process involve completion of a written grievance form, followed by an appeal of the response to that grievance. As noted in the Report and Recommendation, plaintiff carried only one of his grievances, the one involving the Word Pad computer program, to the third level; he did not appeal the responses to his grievances on the other matters. For this reason, the magistrate judge recommended a finding that plaintiff failed to exhausted his administrative remedies and dismissal.

In objecting to this recommendation, plaintiff argues that appeal to the third level of the grievance process is permissive rather than mandatory. Plaintiff is incorrect. While the institutional grievance form does state that a prisoner "may" appeal the response to his grievance on the basis of perceived error, § 1997e(a) requires such appeal because it is an "available" remedy. In *Booth v. Churner*, the Supreme Court specifically addressed a prisoner's failure to avail himself of the later stages of a grievance process, holding that the district court properly dismissed the prisoner's complaint for that failure. *Id*., p. 741. As the Court stated in a subsequent case, "[a]ll 'available' remedies must now be exhausted." *Porter v. Nussle*, 534 U.S. at 524.

Plaintiff's objection to the magistrate judge's recommendation that his claims be dismissed for failure to exhaust is therefore without merit. The Court shall adopt the Report and Recommendation as to these claims and dismiss them without prejudice. *Wyatt v. Terhune*, 315 F. 3d 1108, 1119 (9th Cir. 2003).

II. Computer Program Claim

The Court does reach the merits of plaintiff's sole remaining claim, regarding the removal of "Word Pad" from the computer used by inmates, because it was duly exhausted through the grievance process. Plaintiff alleges in this claim that he was denied access to the courts because he had to hand-write his pleadings. The magistrate judge recited the long-standing rule that in order to establish a violation of the right to access to the courts, a prisoner must demonstrate that the inadequacy of which he complains caused him actual injury. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The type of injury contemplated is the inability to meet a deadline, or to file a complaint. *Id*. at 351.

ORDER - 2

1 In his objections, plaintiff contends that he has suffered actual injury because "[i]f the Word Pad
2 Program was not deleted, Plaintiff could have filed and typed many court documents to the Court of
3 Appeals Argument held on April 3rd, 2007. The 'Motion for Discretionary Review' was denied by the
4 Court of Appeals for 'not having enough documentation.'" Plaintiff's Objection, Dkt. # 52, p. 20.
5 Plaintiff's conclusory assertion that with the Word Pad program he could have "filed and typed more
6 documents" does not meet the actual injury standard set forth above. He was neither unable to meet a
7 deadline nor file a complaint. His inability to write as many documents as he might of liked in support of
8 his motion in an unidentified case is insufficient to constitute a violation of his right to access to the
9 courts.

The Court shall adopt the Report and Recommendation as to this claim and dismiss it with prejudice.

Accordingly, it is hereby ORDERED:

(1) The Report and Recommendation is approved and adopted;

(2) Defendants' motion for summary judgment is GRANTED;

(3) Plaintiff's claim regarding the Word Pad computer program is DISMISSED with prejudice; and

(4) Plaintiffs remaining claims are DISMISSED without prejudice for failure to exhaust administrative remedies mandated by 42 U.S.C. § 1997e(a).

The Clerk shall direct copies of this Order to plaintiff at has address of record, to counsel for defendants, and to the Hon. Brian A. Tsuchida, United States Magistrate Judge.

Dated this 20 day of October, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3